UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| KARSTEN O. ALLEN,               )<br>         Plaintiff,               )<br>                                          )<br>v.                                      )<br>                                          )<br>LARRY FIELDS, et al.,         )<br>         Defendants.           ) | **MEMORANDUM OPINION**<br>Civil Action No. 7:21cv00244<br><br>By: Pamela Meade Sargent<br>United States Magistrate Judge |

Plaintiff, Karsten O. Allen, ("Allen"), a Virginia Department of Corrections, ("VDOC"), prisoner incarcerated at Keen Mountain Correctional Center, ("Keen Mountain"), has filed this civil rights action pursuant to 42 U.S.C. §1983, against Larry Fields, ("Fields"), a Unit Manager at Keen Mountain, M. G. Deskins, ("Deskins"), a Keen Mountain lieutenant, M. S. Bucklen, ("Bucklen"), a Keen Mountain lieutenant, T. Lowe, ("Lowe"), Institutional Hearings Officer at Keen Mountain, Carl Manis, ("Manis"), Regional Administrator for VDOC's Western Region, and A. T. Collins, ("Collins"), Unit Manager at Keen Mountain, alleging that his rights under the First and Fourteenth Amendments of the U.S. Constitution were violated. This case is before the court on the defendants' motion to dismiss, (Docket Item No. 15) ("Motion"). For the reasons stated below, the Motion will be granted, and Allen's claims will be dismissed.

I.     Facts

In his Complaint, (Docket Item No. 1), Allen seeks compensatory and punitive damages, alleging that the defendants violated his rights under the First and Fourteenth Amendments. The Complaint alleges that on February 21, 2020, he was

transferred from Sussex I State Prison to Keen Mountain. Upon his arrival at Keen Mountain, he requested Fields conduct an interim review to correct errors in his prior annual review due to an overturned disciplinary conviction. Fields refused, and, Allen alleges, tensions grew between the two over the refusal and led to "multiple verbal arguments." (Complaint at 2.)

On April 30, 2020, Allen alleges, he requested a complaint form from Fields and told Fields that if Fields did not give him the interim review, he would file a legal action against him for a due process violation. In response, Allen alleges, Fields filed a "falsified" Disciplinary Offense Report against him. Due to this Disciplinary Offense Report, Allen alleges, he was placed in segregation housing and, subsequently, moved to another housing unit. Allen alleges that he filed a lawsuit against Fields for his refusal to conduct this interim review, and Fields was served with this lawsuit on or about August 12, 2020.

On or about October 6, 2020, Allen was returned to Building B, where Fields worked. Allen alleges that Fields conspired with another unnamed correctional officer to file another falsified Disciplinary Offense Report against him, which, again, resulted in his transfer to segregation housing. Allen alleges that he was released from segregation housing several times, and each time he requested not to be returned to Building B. Each time Allen was returned to Building B, and, Allen alleges, Fields "continued a campaign of harrasment [sic]." (Complaint at 3.)

Allen alleges that, on December 16, 2020, Fields came to his cell door at approximately 11 a.m. while he was seated and working on a legal document which had Fields's name on it. Allen alleges that Fields looked through the cell door window, saw the document and ordered Allen to give him the document. When

Allen refused, he alleges, Fields threatened to write a disciplinary charge against him for disobeying an order. Allen then gave Fields the document. Several hours later, Allen alleges, he was served with a confiscation form, alleging that the confiscated document was gambling paraphernalia. Allen later was served with a Disciplinary Offense Report, charging him with gambling/possession of gambling equipment or paraphernalia. A copy of this Disciplinary Offense Report is attached as Exhibit A to the Complaint. (Docket Item No. 1-1 at 1.) The Disciplinary Offense Report stated that the gambling paraphernalia had been placed in Property.

This Disciplinary Offense Report states in the Description Of The Offense section:

> Inmate K. Allen … was found to be in possession of gambling paraphernalia on 12/16/2020 at 9:00 a.m. in B-243. Inmate K. Allen was filling out the sheets with carbon paper (a total of 4 sheets) when I passed the cell. The top has Underworld Sports and the bottom has No Pay No Play with point spreads and odds in between. Physical evidence – Listed items confiscated and sent to property. Immediate action – Inmate charged per OP 861.1

(Docket Item No. 1-1 at 1.) The Report lists Fields as the Reporting Officer and the Officer-in-Charge as Deskins.

Allen alleges that he filed a complaint concerning Fields confiscating his legal document. On January 4, 2021, the complaint was answered by Chief of Housing and Programs, Robert Whitt, who stated that he had spoken to Fields, who claimed he had not confiscated anything from Allen. Allen alleges he then filed a grievance, which was answered by Major Owens on January 27, 2021. Major Owens also stated that Fields told him that he had not confiscated anything from Allen. Major Owens

also stated that he verified with property officers that there was no confiscated "gambling paraphernalia" being held in Property.

Allen's Informal Complaint and the Offender Grievance Response are attached as Exhibits B and C to the Complaint. (Docket Item No. 1-1 at 2-3.) R. Whitt responded to Allen's Informal Complaint on January 4, 2021, stating: "Fields states he never took anything from you and has never retaliated against you." (Docket Item No. 1-1 at 2.) The Offender Grievance Response states that Allen filed a Regular Grievance, alleging that Fields confiscated legal mail and paperwork from him in retaliation for filing a lawsuit against him. (Docket Item No. 1-1 at 3.) Allen's Grievance was determined to be unfounded on January 27, 2021. The Response states, in part:

> Major Owens offers the following statement concerning your grievance, "I have spoken with Unit Manager Fields concerning this complaint and UM Fields advised that he has not confiscated anything from Inmate Allen and that he has always been professional when in contact with Inmate Allen. UM Fields also advised that at no time has he ever retaliated against Inmate Allen or any other inmate. I also checked with Property Officer Hurt and he advised that he had not received any confiscated items for Inmate Allen. Based on the investigation, there is no valuable [sic] or reliable evidence to support that Unit Manager Fields acted inappropriately or unprofessionally. I cannot find any evidence that UM Fields confiscated any items from you or that he has retaliated against you in any way.

(Docket Item No. 1-1 at 3.)

On December 30, 2020, Allen alleges, he was sitting in the pod when Fields, in continuation of his harassment, told Allen to pull up his face mask. Allen said his mask was on his face, and Fields asserted that Allen's mask was not tight enough.

Allen alleges Fields then accused him of purposefully stretching his mask so that it would be loose. Allen ignored Fields. Fields then came back and demanded that Allen come upstairs with him to his office to change his mask. Once in the vestibule, Allen requested to be moved to a different housing unit due to his litigation against Fields and Fields's "apparent retaliation." (Complaint at 4.) Allen told Fields he would be filing additional litigation against him, and, Allen alleges, Fields became visibly angry and shouted "you're [sic] lawsuits are frivolous. Bring 'em on." Once upstairs in Fields's office, Allen claims that Fields told him, "You keep filing your paperwork. I'll keep filing my charges." Allen alleges that Sergeant Blankenship was exiting one of the pods and overheard the conversation, and he said to Fields, "You want me to get the leg irons. I'll do all the paperwork." When Fields did not respond to Blankenship's statement, Allen left and returned to the pod with his new mask.

Allen alleges that, on December 30, 2020, Fields filed a false Disciplinary Offense Report against him, alleging that he had refused to go with Fields to get a new mask. A copy of this Disciplinary Offense Report is attached as Exhibit D to the Complaint. (Docket Item No. 1-1 at 4.) On December 31, 2020, Allen alleges, Bucklen reviewed and approved the submission of the falsified Disciplinary Offense Report.

This Disciplinary Report shows that Fields charged Allen on December 30, 2020, with Offense Code 201A for disobeying an order. In the Description Of The Offense section it states:

> Inmate K. Allen … did disobey an order on 12/30/2020 at 10:49 a.m. in the B-2 pod by refusing to exit the pod when instructed to do so.

> While conducting rounds Inmate Allen was instructed to pull up his mask that was hanging on his chin, he showed that it was stretched out. He was instructed to exit the pod to receive a new one and he continued to sit there as I exited. I returned to lock down the pod and ordered him a second time at which time he began to walk away. Unusual behavior – Upon exiting Inmate Allen began to make statements attempting to antagonize me.

(Docket Item No. 1-1 at 4.) Bucklen signed this Disciplinary Offense Report as the Officer-In-Charge.

Disciplinary Hearing Officer, ("DHO"), Lowe, on January 5, 2021, conducted a disciplinary hearing on both the possession of gambling paraphernalia charge and the refusal to follow Fields's instruction to obtain a new mask charge. At this hearing, Allen alleges that he told Lowe that Fields had not confiscated gambling paraphernalia from him, but, rather, had taken a legal document regarding his lawsuit against Fields. Allen told Lowe that Fields took the document and falsified the charge against him in retaliation for Allen's lawsuit against Fields. Allen alleges that Lowe "simply ignored this assertion." (Complaint at 5.) Allen requested that the confiscated document be produced, and Lowe refused, citing that the document was irrelevant to the hearing. Lowe then cited department procedure that allowed him to deny evidence if it was deemed contraband. Allen protested that production of the document would verify his innocence and show that Fields falsified the charge against him in retaliation for his exercise of his First Amendment rights. Lowe found Allen guilty of possession of gambling paraphernalia and imposed a penalty of 30 days loss of commissary. Allen claims that a copy of Lowe's hearing decision on this charge is attached at Exhibit E to the Complaint. (Docket Item No. 1-1 at 5.)

Exhibit E is an Offender Disciplinary Action Report, dated January 5, 2021,

for Case No. KMCC-2020-2114 for Offense Code 226. The Report indicates that Allen was either found guilty or accepted a penalty offer, and a 30-day loss of commissary was imposed. (Docket Item No. 1-1 at 5.) The document attached as Exhibit G to the Complaint appears to be DHO Lowe's January 5, 2021, Decision Of The Hearings Officer, finding Allen guilty of committing Offense Code 226 – Gambling/possession of gambling equipment or paraphernalia. (Docket Item No. 1-1 at 7.) Lowe states as the Reason for Decision:

> Based on a preponderance of evidence a valid disciplinary offense report, the testimony of the reporting officer that the accused was in possession of gambling equipment or paraphernalia by having gambling sheets and carbon paper. The accused did not offer any defense to refute the charge.

(Docket Item No. 1-1 at 7.) Lowe imposed a penalty of 30 days loss of commissary. The Report indicates that it was reviewed and approved by Collins on January 15, 2021.

On the disobeying an order disciplinary offense, Allen told Lowe that he, in fact, exited the pod with Fields and changed his mask. Allen told Lowe that camera footage and his witnesses would confirm his actions. Lowe adjourned the hearing on that offense to obtain statements from Allen's requested witness. Allen alleges that, when the witness statement was returned, verifying that Fields falsified this charge, Lowe allowed the 30-day time limit on the hearing to expire and dismissed the charge for a "procedural error."

The document attached as Exhibit F to the Complaint appears to be DHO Lowe's February 1, 2021, Decision Of The Hearings Officer, dismissing an Offense

Code 201A – Disobeying an Order charge against Allen. (Docket Item No. 1-1 at 6.) Lowe states as the Reason for Decision: "Procedural error." (Docket Item No. 1-1 at 6.) The Report indicates that it was reviewed and approved by Unit Manager C. L. Shelton on February 3, 2021.

Allen alleges that Unit Manager Collins reviewed and approved his conviction on the charge of possession of gambling paraphernalia. Allen alleges that he attempted to appeal this disciplinary conviction to Warden Younce, who refused to respond, so Allen appealed to Regional Administrator Manis, "who refused to acknowledge the due process violations and upheld the conviction." (Complaint at 6.)

Allen alleges that Fields violated his First Amendment right to petition the government for redress of grievances and his Fourteenth Amendment right to due process when he filed false disciplinary reports against him in retaliation for his lawsuits against Fields. Allen alleges that Deskins and Bucklen violated his First Amendment right to petition the government for redress of grievances and his Fourteenth Amendment right to due process by their review and approval of the disciplinary reports written by Fields. Allen alleges that Lowe violated his Fourteenth Amendment right to due process by failing to produce the gambling paraphernalia as evidence at his disciplinary offense hearing and by finding him guilty of the offense charged with no evidence, and for refusing to be an impartial decision maker. Allen alleges that Collins and Manis violated his First Amendment right to petition the government for redress of grievances and his Fourteenth Amendment right to due process by their review and approval of his disciplinary conviction.

Allen alleges that he exhausted his administrative remedies prior to filing suit.

Allen seeks compensatory damages against all defendants and punitive damages against defendants Fields and Lowe.

## II. Analysis

In the Motion, the defendants argue that Allen's Complaint should be dismissed under Federal Rules of Civil Procedure Rule 12(b)(6) for failing to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss, all well-pleaded factual allegations contained in a complaint are to be taken as true and viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and it must allege facts specific enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Dismissal also may be appropriate where the complaint contains a detailed description of underlying facts, which fail to state a viable claim. *See Estelle v. Gamble*, 429 U.S. 97, 106-08 (1976).

Furthermore, the court is required to liberally construe complaints filed by plaintiffs proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *See Erickson,* 551 U.S. at 94; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This requirement of liberal construction does not mean, however, that the court should

ignore a clear failure to plead facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

In this case, Allen claims that his First Amendment right to petition the government for redress and his Fourteenth Amendment right to due process were violated. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). If a prisoner alleges deprivation of a protected liberty or property interest, then the court will examine the sufficiency of the process surrounding the deprivation of that interest. *See Prieto*, 780 F.3d at 248.

In this case, the defendants argue that Allen has failed to state a viable claim for procedural due process because the imposition of no penalty on one disciplinary offense and a loss of commissary privileges on the other offense did not deprive him of a protected interest. I agree. As state above, to adequately state a claim for a due process, an inmate must plead deprivation of a protected interest. With regard to the disciplinary offense that was dismissed, Allen has alleged no deprivation. Also, this court previously has ruled that an inmate's 30-day loss of commissary privileges does not implicate due process concerns. *See Al-Musawwir v. Clarke*, 2021 WL 1234527, at *3 (W.D. Va. Mar. 31, 2021); *Denson v. Bledsoe*, 2006 WL 2850638, at *3 (W.D. Va. Sept. 29, 2006); *see also Hoglan v. Robinson*, 2014 WL 4680704, at *9 (W.D. Va. Sept. 19, 2014) (no federal right to prison privileges like commissary). These opinions, and those of other courts, hold that suspension of an

inmate's commissary privileges simply does not represent the type of atypical, significant hardship required by *Sandin v. Conner*, 515 U.S. 472, 484 (1995), to create a constitutionally protected interest. *See, Jordan v. Wiley,* 477 F. App'x 525, 529 (10th Cir. 2012); *Moore v. Pemberton,* 110 F.3d 22, 23 (7th Cir. 1997); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Furthermore, Allen's claim that Fields violated his due process rights by filing false disciplinary charges against him fails to state a cognizable §1983 claim. Falsely accusing an inmate of misconduct does not violate a right secured by the Constitution or the laws of the United States. *See Cole v. Holloway*, 631 F. App'x 185, 186 (4th Cir. 2016).

Defendants also argue that Allen's Complaint fails to state a claim for violation of his First Amendment right to petition the government for redress against defendants Fields, Collins and Manis. Allen's Complaint alleges that Fields violated his First Amendment right to petition the government for redress of grievances when he filed false disciplinary reports against him in retaliation for his lawsuits against Fields. Allen's Complaint also alleges that Deskins and Bucklen violated his First Amendment right to petition the government for redress of grievances by their review and approval of the disciplinary reports written by Fields. "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government of redress of grievances." *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983). Allen's Complaint, however, contains no facts showing that he was denied access to the courts. While Allen alleges that he had other litigation pending against Fields, he does not allege that the actions of Fields, Deskins or Bucklen prevented him from successfully pursuing that litigation or prejudiced him in any way. "In order to state a First Amendment 'access-to-courts' claim, a plaintiff must allege some actual interference with his right of access and must produce actual injury or specific harm to some litigation involving a challenge to the conditions of

his confinement or the fact of confinement." *Baltas v. Clarke*, 2021 WL 1080516, at *26 (W.D. Va. Mar. 18, 2021) (citing *Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993)). Allen's Complaint fails to meet this requirement.

Insofar as Allen's Complaint may be read to state a claim for retaliation under the First Amendment based on his allegations that Fields wrote false disciplinary charges against him because he had sued Fields, such claims also are not sufficiently pleaded. Allen's Complaint admits that one of these charges was dismissed; therefore, he suffered no adverse consequence. *See ACLU of Md., Inc. v. Wicomico County, Md.*, 999 F.2d 780, 785 (4th Cir. 1993) (plaintiff must demonstrate that he suffered some adverse impact or actual injury to prevail on a First Amendment retaliation claim). Allen also cannot proceed on this claim based on the disciplinary offense for which he was convicted, because he has not alleged that his conviction on that charge has been set aside. *See Alexander v. Parks*, 2019 WL 346425, at *8 n.18 (W.D. Va. Jan. 28, 2019).

Based on the above-stated reasons, I will grant the Motion and dismiss Allen's claims against the defendants without prejudice.

An appropriate Order will be entered.

**ENTERED**: March 25, 2022.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE